

**IT IS ORDERED as set forth below:**

**Date: September 25, 2019**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| PIERLUIGI MANCINI, | : | BANKRUPTCY CASE |
| | : | 17-50825-LRC |
|   Debtor. | : | |
| _____ | : | |
| | : | ADVERSARY PROCEEDING |
| NEIL C. GORDON, | : | NO. 19-05013-LRC |
| Chapter 7 Trustee for the Estate of | : | |
| Pierluigi Mancini, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| SAVANNAH COLLEGE OF ART AND | : | IN PROCEEDINGS UNDER |
| DESIGN, INC., | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
|     Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is the Motion to Dismiss (the "Motion") (Doc. 5) filed by Savannah College of Art and Design, Inc. ("Defendant"). Defendant seeks dismissal of a complaint (the "Complaint") filed by Neil C. Gordon ("Trustee"), as trustee of the bankruptcy estate of Pierluigi Mancini ("Debtor"). The Trustee opposes the Motion. For the following reasons, the Motion is denied.

The Complaint seeks to avoid and recover a fraudulent transfer for the benefit of Debtor's bankruptcy estate. Accordingly, this matter constitutes a core proceeding over which the Court has authority to enter a final order. *See* 28 U.S.C. §§ 157(b)(2)(H), 1334.

## I. BACKGROUND

The Trustee alleges that between 2015 and 2017, Debtor transferred a total of $28,249.33 to Defendant to pay for his daughter's tuition on the following dates and in the following amounts: (1) $3,292.33 on February 2, 2015; (2) $1,292.00 on March 17, 2015; (3) $8,764.00 on August 4, 2015; (4) $7,450.00 on December 1, 2015; and (5) $7,451.00 on February 29, 2016 (the "Transfers"). (*Id.* at ¶¶ 16-21).

Meanwhile, beginning in 2015, Debtor took a leave of absence from his employer to take care of his sick wife. (*Id.* at ¶ 30). During this time, Debtor's mother, Gladys Mancini, transferred $80,000 to Debtor to help him pay down his debts.[1] (*Id.* at ¶¶ 31-33).

On January 16, 2017, Debtor filed Chapter 7 bankruptcy (the "Petition Date"). (*Id.* at ¶ 7). At that time, almost two years after the first Transfer, Debtor scheduled $195,102.50 in assets and $441,013.14 in liabilities. (*Id.* at ¶ 24). On Schedule D, Debtor

---

[1] The $80,000 was deposited to Debtor's account between August 18 and September 15, 2015. (Complaint, Doc. 1, at ¶ 32).

listed a mortgage debt to Ocwen Loan Servicing, LLC in the amount of $201,196.00 and

an equity loan to Wells Fargo Bank, N.A. in the amount of $28,104.84 secured by real

property.  Debtor also scheduled two loans to BMW Financial Services in the amounts of

$22,668.00 and $9,522.00, respectively, secured by the Debtor's vehicles.  On Schedule

E/F, Debtor scheduled non-priority unsecured debts, including debts in the amounts of (a)

$18,162.00 owing Barclays Bank, (b) $18,000.00 owing Bank of America, N.A., (c)

$23,458.00 and $22,250.00 owing Lending Club Corporation, (d) $21,048.19 owing to

LTD Bank of America, and (e) $24,212.53 owing to Vital Recovery Services, LLC.  These

obligations, as well as the other scheduled non-priority unsecured claims, were all incurred

prior to the Transfers and remained outstanding on the Petition Date.

The Trustee filed the Complaint on January 16, 2019, seeking to avoid and recover

the Transfers under 11 U.S.C. §§ 548, 550, and 551.  The Trustee alleges that Debtor

received less than a reasonably equivalent value for the Transfers and was insolvent at the

time.  On February 15, 2019, Defendant filed the Motion, arguing that the Trustee has

failed to state a plausible claim that the Transfers were constructively fraudulent.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint

if it fails to "state a claim upon which relief can be granted."  *See also* FED. R. BANKR. P.

7012 (incorporating FED. R. CIV. P. 12(b)).  Rule 8(a)(2) requires a complaint to contain

"a short and plain statement of the claim showing that the pleader is entitled to relief,"

which gives a defendant notice of the claim and its grounds.  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must

3

include enough facts that demonstrate the plaintiff's right to relief is more than speculative. *Id.* at 570. While a complaint does not need to be bursting with factual allegations, there must be something more than a bare bone recital of the elements of a cause of action. *Id.* at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the pleading stage, the court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 554-56; *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009). Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth and "must be supported by factual allegations." *Ashcroft*, 556 U.S. at 678. Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).[2]

In this case, the Trustee seeks to avoid the Transfers under 11 U.S.C. § 548(a)(1)(B). Section 548(a) allows the trustee to avoid actual and constructively fraudulent transfers that occurred within two years before the debtor filed bankruptcy. COLLIER ON BANKRUPTCY ¶ 548.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). An actual fraudulent transfer is avoidable if the debtor made the transfer with the "actual intent to

---

[2] In its reply brief, Defendant argues that because the Trustee failed to respond to all of the arguments in the Motion, those arguments are conceded and the Motion should be granted. However, the Eleventh Circuit Court of Appeals has repeatedly held that dismissing a complaint for the plaintiff's failure to respond to a motion to dismiss is an abuse of discretion. *See, e.g., Giummo v. Olsen*, 701 F. App'x. 922, 924 (11th Cir. 2017)*; Woodham v. Am. Cytoscope Co. of Pelham, N.Y.*, 335 F.2d 551 (5th Cir. 1964). Thus, even if the Trustee's response was inadequate, that lapse alone would not justify granting the Motion.

hinder, delay, or defraud." 11 U.S.C. § 548(a)(1)(B). A constructively fraudulent transfer, on the other hand, is avoidable regardless of the debtor's intent. *Id.* at ¶ 548.05[1]. As the claim need not involve an allegation of "deceit, misrepresentation or fraud in the inducement," a constructively fraudulent transfer claim only needs to meet the Rule 8(a) pleading standard. *Astropower Liquidating Trust v. Xantrex Technology, Inc. (In re Astropower Liquidating Trust)*, 335 B.R. 309, 333 (Bankr. D. Del. 2005); *see also Scarver v. Patel (In re Patel)*, 461 B.R. 910, 913 (Bankr. N.D. Ga. 2011). A party meets that standard by alleging facts that show (1) the transfer was made within two years before the petition date, (2) the debtor received "less than a reasonably equivalent value" in exchange for the transfer, and that the debtor (3)(i) was insolvent on the date of the transfer; (ii) was engaged in a business with an unreasonably small amount of capital; (iii) intended to incur debts that the debtor could not repay; or (iv) made the transfer for the benefit of an insider outside of the ordinary course of business. 11 U.S.C. § 548(a)(1)(B).

The parties dispute only whether the Trustee has sufficiently alleged that Debtor was insolvent at the time of the Transfers. The Bankruptcy Code provides that an entity is insolvent when "the sum of such entity's debts is greater than all of such entity's property, at a fair valuation." 11 U.S.C. §101(32)(A). "The determination of an individual debtor's solvency is a balance sheet test which examines whether the debtor's assets exceeded her liabilities." *In re Fisher*, 575 B.R. 640, 645 (Bankr. M.D. Pa. 2017). In this case, when Debtor filed bankruptcy, his schedules showed that his liabilities exceeded his assets by

$191,464.94.[3]  (*See* Case No. 17-50825, Doc. 1, at 44).  Accordingly, Debtor was insolvent as of the Petition Date.

However, as Defendant points out, Debtor's insolvency on the Petition Date, by itself, does not necessarily mean that he was insolvent at the time of the Transfers, some of which took place almost two years before the Petition Date.  Courts sometimes rely on a debtor's insolvency on the petition date to make inferences about the debtor's financial condition before he filed bankruptcy.  *See, e.g., Briden v. Foley*, 776 F.2d 379, 383 (1st Cir. 1985); *Haynes & Hubbard, Inc. v. Stewart*, 387 F.2d 906, 907 n.1 (5th Cir. 1967); *Kerr v. Venetian Casino Resort (In re Medici)*, 524 B.R. 902, 907 (Bankr. N.D. Ga. 2014). Those inferences are stronger where the date in question is close to the petition date or the debtor's insolvency is particularly egregious.  *See Angell v. Augusta Seed Corp. (In re Tanglewood Farms, Inc. of Elizabeth County)*, 2013 WL 474704, at *3 (Bankr. E.D.N.C. Feb. 7, 2013).  However, "evidence of insolvency on a date significantly distant in time from the date of the transfer, without more evidence, is insufficient to support a finding of insolvency on the date of the transfer."  *Wash. Bancorporation v. Hodges (In re Wash. Bancorporation)*, 180 B.R. 330, 333 (Bankr. D.D.C. 1995).

There is no bright line rule that establishes an amount of time, beyond which, the debtor's insolvency on the petition date is no longer probative of his earlier financial condition.  For example, in *Roach v. Skidmore College (In re Dunston)*, 566 B.R. 624

---

[3]  Debtor's assets include the $28,249.33 and $26,196.37 that the Trustee seeks to recover under 11 U.S.C. § 548(a)(1)(B) in this case and in Adversary Proceeding No. 19-05014, respectively. *Boudreaux v. Holloway (In re Holloway)*, 2015 WL 1545376, at *7 (Bankr. S.D. Ga. Mar. 31, 2015) (finding that property sought to be recovered under § 548(a)(1)(B) should be included the debtor's assets when determining whether the debtor was insolvent).

(Bankr. S.D. Ga. 2017), the court was unwilling to rely on the debtor's schedules, which showed that the debtor's liabilities exceeded her assets by $1,569,762.10, alone to infer that she was insolvent at the time of transfers that took place between ten and fifteen months before the debtor filed bankruptcy. *Id.* at 638. In *In re Medici*, on the other hand, the court found that the debtor's schedules, which showed assets of $153,800 and liabilities of $36,000,000, were sufficient to infer that the debtor was insolvent during the two-year period before he filed bankruptcy. *In re Medici*, 524 B.R. at 907; *see also Scarver v. Patel (In re Haven Trust Bancorp, Inc.)*, 461 B.R. 910, 914 (Bankr. N.D. Ga. 2011) (finding that the debtor's $9 million insolvency on the petition date supported an inference that he was insolvent at the time of the transfers one year before).

While Debtor's insolvency is not as severe as the debtor in *In re Medici*, the Trustee alleges additional facts that support an inference that Debtor was insolvent on the date of the Transfers, including that the obligations listed on Debtor's schedules as outstanding on the Petition Date were incurred prior to the Transfers and that beginning in 2015, Debtor took a leave of absence from his employer to care for his sick wife.

Defendant insists that Debtor's leave of absence is irrelevant because insolvency is not defined by income and instead is a balance sheet inquiry that examines whether the debtor's assets exceed his liabilities. *See In re Dunston*, 566 B.R. at 637-38 (finding that the debtor's decline in income during the relevant time was insufficient to show that she was insolvent). Although employment is not dispositive for determining whether Debtor was insolvent on the date of the Transfers, the fact that Debtor was not receiving the same

7

amount of income during the time he made significant expenditures is relevant to drawing inferences about his financial condition during 2015 and 2016.

Defendant also maintains that to plausibly allege insolvency, the Trustee's allegations must identify how much income Debtor lost by taking a leave of absence and whether that amount was greater than the $80,000 Debtor received from Ms. Mancini. However, the Trustee was not required to allege the exact extent of Debtor's liability. *See Scarver v. Patel (In re Haven Trust Bancorp, Inc.)*, 461 B.R. 910, 914 (Bankr. N.D. Ga. 2011) (finding that the trustee was not required to include the specific value of the debtor's assets and liabilities in the relevant transfer period); *Official Comm. of Unsecured Creditors v. DVI Bus. Credit, Inc. (In re DVI, Inc.)*, 326 B.R. 301, 305–06 (Bankr. D. Del. 2005) ("Even allegations of insolvency in general terms comply with Rule 8 and there is no need to allege the particulars."). This is not a case where the trustee has simply tracked the statutory language. *Cf. Boscarino v. Jonhson & Wales University (In re Sagarino)*, 2017 WL 3865625, at *3 (Bankr. D. Conn. Aug. 29, 2017) (ignoring the plaintiff's allegations that mirrored the statutory language). The allegations in the Complaint, taken together, show that, beginning in 2015, Debtor was out of work and caring for a sick spouse, but continued to pay his daughter's college tuition and, approximately two years later, owed more in liabilities than he had in assets. Given those circumstances, the Trustee has plausibly alleged that Debtor was insolvent on the date of the Transfers. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Robert M.D. Mercer
Schulten Ward Turner & Weiss LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303

Savannah College of Art and Design, Inc., Defendant
c/o Hannah Yi Flower, Reg. Agt.
1600 Peachtree Street, NW
Atlanta, GA 30309-2403

William D. Matthews
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Neil C. Gordon
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363